Citation Nr: 21049991
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 11-23 939
DATE: August 13, 2021

ORDER

Entitlement to service connection for a psychiatric disability, for treatment purposes only, pursuant to 38 U.S.C. § 1702 is dismissed.

REMANDED

Entitlement to service connection for sleep apnea is remanded.

FINDING OF FACT

The grant of the award of service connection for posttraumatic stress disorder (PTSD) renders the claim of service connection for an acquired psychiatric disorder for the purpose of establishing eligibility for treatment under 38 U.S.C. § 1702 moot.

CONCLUSION OF LAW

The appeal as to the issue of service connection for an acquired psychiatric disorder for the purpose of establishing eligibility for treatment under 38 U.S.C. § 1702 is dismissed as moot. 38 U.S.C. § 1702, 1710, 7105(d)(5) (2012); 38 C.F.R. § 17.36, 17.37.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the United States Navy from July 1991 to July 1995. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 and December 2012 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

These matters were previously before the Board in January 2018, July 2019, and December 2020. The prior Board decisions remanded the matters for additional development, which has been completed.

During the pendency of this appeal, the Veteran was awarded service connection for PTSD in a March 2021 rating decision. As the benefit sought was granted in full, the issue of service connection for PTSD is no longer before the Board.

1. Entitlement to service connection for a psychiatric disability, for treatment purposes only, pursuant to 38 U.S.C. § 1702 is dismissed.

Given the determination in the March 2021 rating decision that granted service connection for PTSD, the issue of the Veteran's entitlement to service connection for a psychiatric disorder for purposes of establishing eligibility for VA treatment under 38 U.S.C. § 1702 is moot as the Veteran will be afforded equal or greater access to VA treatment by virtue of his now established award of service connection for PTSD. 38 U.S.C. § 1710; 38 C.F.R. § 17.36, 17.37(b). Therefore, the appeal as to this specific issue is dismissed as moot.

REASONS FOR REMAND

1. Entitlement to service connection for sleep apnea is remanded.

This matter was previously before the Board in December 2020, at which time the Board remanded the claim for further development. Unfortunately, there has not been substantial compliance with the Board's previous remand directives, as the development requested by the Board was not performed. Stegall v. West, 11 Vet. App. 268. Another remand is required.

Specifically, the December 2020 Board remand instructed the examiner to provide an opinion as to whether it is at least as likely as not that the Veteran's sleep apnea is causally related to the Veteran's active service, to include any chemical exposure therein. The remand directives additionally stated the examiner must provide an opinion including an analysis of causation concerning obesity and whether any obesity is caused or aggravated by service-connected disabilities. The directive further advised the analysis needed to specifically address the Veteran's opioid treatment and any risk of sleep apnea caused thereby. The VA examiner did not discuss chemical exposure or the Veteran's use of opioids. 

Additionally, regarding whether the Veteran's service connected PTSD aggravated the Veteran's sleep apnea the examiner opined the VA has not granted presumptive service connection for sleep apnea as a result of PTSD and noted the literature is split on the role of PTSD in causation of sleep apnea. The Board notes the VA rationale is inadequate and does not properly address whether the Veteran's sleep apnea is at least as likely as not proximately due to or the result of the Veteran's service-connected PTSD. As noted above, a remand is required. 

Veterans, as a matter of law, are entitled to compliance with Board instructions. Stegall v. West, 11 Vet. App. 268 (1998). The claim will be remanded for development and documented compliance with the Board's prior directives.

The matter is REMANDED for the following action:

1. Obtain an addendum opinion to determine the nature and etiology of the Veteran's obstructive sleep apnea. The Veteran's claims file, including a copy of this remand, must be made available to and reviewed by the examiner. The examination report must reflect that such a review was undertaken.

All indicated tests and studies should be accomplished, and all clinical findings should be reported in detail.

(a.) The examiner must provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran's obstructive sleep apnea is causally related to the Veteran's military service, to include any chemical exposure therein.

(b.) The examiner must provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran's obstructive sleep apnea is caused or aggravated beyond its normal progression by the Veteran's service-connected disabilities, to include the treatment thereof. This analysis should include an analysis of causation concerning obesity and whether any obesity is caused or aggravated by service-connected disabilities. This analysis must also specifically address the Veteran's opioid treatment and any risk of obstructive sleep apnea caused thereby, as stated in the Veteran's treatment records.

In providing this opinion, the examiner should consider and address the Veteran's lay statements concerning the onset of his symptomatology, to include statements regarding his body habitus at the time of the onset. The Veteran is competent to attest to his symptomatology, to include the onset thereof, and these statements should be addressed in the opinion. If there is medical or evidentiary reason to contradict the veracity of the Veteran's statements, this should be specifically indicated, with the corresponding explanation considering the conflicting or inconsistent evidence.

A complete rationale for all opinions is requested, and a discussion of the facts and medical evidence would be of considerable assistance to the Board. 

The examiner is advised that a finding that a sleep disability was aggravated beyond the normal progression due to a service-connected disability does not require evidence of a permanent worsening and may encompass any additional impairment in earning capacity resulting from an already service-connected condition. Also, the term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find favor of conclusion as it is to find against it.

 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Mouzakis, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.